DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, upon remand by the Supreme Court of Ohio for resentencing[1], imposed a sentence of life imprisonment without possibility of parole as to appellant's conviction for aggravated murder. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following as his sole assignment of error:
 "THE TRIAL COURT ERRED IN SENTENCING MR. GREEN TO A TERM OF LIFE IMPRISONMENT WITHOUT PAROLE WHERE IT HAD OTHER SENTENCING OPTIONS AVAILABLE."
On March 9, 1998, a three-judge panel found appellant guilty of eleven felony counts. Appellant was sentenced to death on one count of aggravated murder but that sentence was vacated by the Supreme Court of Ohio in State v. Green, supra. The matter was remanded to the trial court for resentencing and a hearing was held by the three-judge panel on April 6, 2001. In a judgment entry filed April 16, 2001, the panel found that the state had failed to prove beyond a reasonable doubt that the aggravating circumstance[2] outweighed the mitigating factors found to exist and imposed a sentence of life imprisonment without possibility of parole.
Appellant now asserts that the three-judge panel "refused to consider" other sentencing options which were available and thereby violated his right to a fair sentencing hearing.
The panel stated that its opinion was prepared pursuant to R.C.2929.03(F), which provides as follows:
 "* * * The court or panel, when it imposes life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. * * *"
R.C. 2929.03(D)(2)(a) authorizes a sentence of life imprisonment without parole, life imprisonment with parole eligibility after serving 25 full years, or life imprisonment with parole eligibility after serving 30 full years for aggravated murder, absent a finding that the aggravating circumstances the offender was found guilty of committing outweigh the factors in mitigation of imposing a sentence of death.
The panel of judges correctly stated in its opinion that it was required pursuant to R.C. 2929.04(B) to consider and weigh against the aggravating circumstance proved beyond a reasonable doubt the nature and circumstances of the offense; the history, character and background of the offender; and all of the factors listed in R.C. 2929.04(B)(1) through (7).
The panel's opinion announcing its decision as to appellant's sentence is extremely thorough. The panel clearly articulated its consideration of the nature and circumstances of the offense, finding that there is "nothing whatsoever mitigating" therein. The panel considered appellant's history, character, and background, which include a diagnosis of mixed personality disorder, depression, post traumatic stress disorder, antisocial personality and an IQ of 79. The panel further considered the seven factors set forth in R.C. 2929.04(B), finding a total lack of evidence on several of those factors; it did, however, give some weight to appellant's young age at the time of the offense, pursuant to R.C. 2929.04(B)(4). Careful consideration appears to have been given as well to the degree of appellant's participation in the offense and in the acts that led to the death of the victim, pursuant to R.C.2929.04(B)(6).
Upon thorough consideration of all of the foregoing, this court finds that the three-judge panel meticulously considered all of the statutory factors in resentencing appellant. We note that nowhere in the applicable statutory sections is there a requirement that the panel state in its opinion that it weighed the sentencing options of life with the possibility of parole after either 25 years or 30 years against the sentencing option of life without the possibility of parole. Further, there is absolutely no evidence in the record that the panel "refused" to consider the various sentencing options, nor does appellant present any examples of such a "refusal."
Based on the foregoing, this court finds that the trial court did not err in sentencing appellant to life imprisonment without the possibility of parole and, accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] State v. Green (2000), 90 Ohio St.3d 352.
[2] {b} The aggravating circumstance proved by the state was that the murder was committed while appellant and the co-defendant were committing either a kidnapping or an aggravated robbery of the victim and that the murder was committed with prior calculation and design. R.C.2929.04(A)(7).